## KELIIKANAKAOLE *vs.* C. L. HOPKINS.

### ASSUMPSIT. BEFORE JUDD, C.J.

### JUNE, 1884.

A set-off held to be properly pleaded, and to be a demand of like kind with plaintiff's claim.

Defendant, in ejectment, will not be held liable for mesne profits taken, prior to his own entry, by those under whom he claims title.

### DECISION OF JUDD, C.J.

This is an action to recover $2191.25 and interest, from October 10, 1883, for money had and received by defendant to plaintiff's use.

It appears by the evidence that a certain premises, corner of King and Nuuanu streets, in Honolulu, had been in litigation,

and the defendant Hopkins had recovered one undivided half of the same as the nephew and heir-at-law of one Mainae, the patentee; the heirs of one Luau, the surviving husband of Mainae, being entitled to the other half. Luau had married again to one Kapihe, and she, after Luau's death, married Keliikanakaole, the plaintiff.

If there were no other heirs of Luau, Kapihe would be entitled to the whole estate of Luau, that is, one-half of the entire estate of Mainae. The defendant Hopkins claims that Kuewa was a niece of Luau, whose interest he had purchased.

In order to facilitate the closing of the estate, it was agreed that the premises should be sold and the proceeds divided. They were sold. Kapihe and Hopkins joined in the deed of conveyance, and Mr. W. R. Castle, counsel for Hopkins, retained the proceeds. It is a matter of uncertainty whether it was agreed that Hopkins should bring suit for what he believed was his share of the proceeds or whether Kapihe was to bring suit. It is much to be regretted that the paper containing the agreement, whatever it was, is now lost.

The sum of $601.25 was paid on account to Kapihe, and she, by her husband, now brings action to recover the balance of one-half of the proceeds. Mr. Castle is garnisheed, and answers that "he received on 10th October, 1883, the proceeds of the sale, $5585. Of this, Hopkins (and widow of Kaiawa) takes one-half ($2972.50), and Hopkins has purchased of Kuewa, the only relative of Luau, her half-interest in the estate of Luau and claims $1396.65 therefor, being half of $2972.50; and also claims one-half of the rents and profits realized by Luau from the death of Mainae (November, 1877) to 1st April, 1882, which at $20 per month for four years and three and a-half months is $515; also three-fourths of rents since Luau's death, in all $280, making more than the whole sum sued for."

To this it is replied by plaintiff, that the set-off is not provable on the ground (1) that the statute requires the set-off to be pleaded, which is not done by the defendant but by the garnishee; (2) that the set-off is not a "claim of like kind and

denomination, or existing in the same right" with the claim of the plaintiff for half the proceeds, as the latter is liquidated and the set-off is not.

I think these objections are all answered by the nature of the suit. The parties joined in the deed to the purchaser agreeing that their respective shares in the proceeds should be thereafter determined by litigation. I think that this agreement meant that whatever claims either party had to the money should be the subject of adjudication. If the plaintiff had been the custodian of the money, the defendant Hopkins could, as plaintiff, have advanced the very claims upon the fund which he now makes by way of defence. I do not think that the fact that Hopkins is now defendant should shut him off from proving any claim he may have to the money in the garnishee's hands.

In regard to the claim of Hopkins under the Kuewa deed, I consider the execution of the deed to be established.

The next question, whether Kuewa is the niece of Luau, is one of more difficulty. I consider it well proven that Luau had a brother Kahaule. But whether Kahaule was the father of Kuewa was strongly contested, and the evidence is very contradictory. The witnesses for Hopkins say that Kuewa was the issue of Kahaule and Haalou (w). The witnesses for plaintiff say that Kulepe was the reputed father of Kuewa by the same mother, Haalou, and that Kulepe was married to Haalou by the Mormon Minister George Q. Cannon.

On a review of the whole testimony I have come to the conclusion that Kuewa is shewn to be the daughter of Kahaule by Haalou, who were married, and she was therefore a niece of Luau and heir-at-law to one-half of his estate.

But Hopkins claims mesne profits on his one-half of the estate of Mainae recovered in the first action, and on his quarter of the estate since his purchase from Kuewa on July 25th, 1882.

These rents were collected by Luau from the date of the death of Mainae to his death, October 31st, 1882. The general rule is that the action for mesne profits is in form a personal action of trespass and cannot be maintained against the personal repre-

sentatives for the profits accruing during the lifetime of the ancestor.

See Taylor, Landlord and Tenant, §712, as put by Sedgwick and Wait on Trial of Title to Land, Sec. 663. "The defendant will not be held liable for mesne profits taken prior to his own entry by those under whom he claims title, but he can be charged only for the rents and profits accruing during the time he was actually in possession of the disputed land in the character of a disseizor. And a plaintiff in ejectment recovers mesne profits only from the time his right to the possession accrued."

Hopkins cannot, therefore, in this action recover his share of the rents received by Luau. His claim is only good against the plaintiff for rents collected by him since Luau's death.

The evidence on this point is that Kapihe (plaintiff's wife) collected the rent for November, 1882 ($20), and that after this date the rents were consumed and more in prosecuting the lawsuit for the benefit of all the co-tenants.

Hopkins can therefore recover three-fourths of $20, which is $15.

To RECAPITULATE—

| | |
|---|---:|
| Amount of proceeds of the land is | $5585.00 |
| Luau's estate is entitled to one-half of this amount, viz. | $2792.50 |
| Of this amount plaintiff, for the widow of Luau, is entitled to one-half | $1396.25 |
| Hopkins recovers as mesne profits | 15.00 |
| Leaving | $1381.25 |
| Deduct what has been paid plaintiff | 601.25 |
| Leaving | $780.00 |

for which judgment may be entered with interest from 10th October, 1883.

Costs divided.

*A. S. Hartwell, W. R. Austin & W. A. Kinney,* for plaintiff.
*W. R. Castle,* for defendant.

Honolulu, June 24th, 1884.